# EXHIBIT "1"

# EXHIBIT "1"

FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Emily Ward (No. 029963)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: dnorthup@fclaw.com
Email: eward@fclaw.com

Attorneys for Plaintiff
Republic Services Procurement, Inc.

COPY

DEC 21 2018

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

| | |
|---|---|
| REPUBLIC SERVICES PROCUREMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> PEOPLEREADY, INC., <br><br> Defendant. | No. CV 2018-015576 <br><br> **COMPLAINT** <br><br> (Tier 3) |

For its Complaint, Republic Services Procurement, Inc. alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Republic Services Procurement, Inc. ("Republic") is a Delaware corporation with its principal place of business in Phoenix, Arizona.

2. Defendant PeopleReady, Inc. ("PeopleReady") is a Washington corporation domiciled in Tacoma, Washington.

3. Venue is proper in Maricopa County, Arizona. The contract underlying this action was negotiated in Arizona and contains a forum-selection clause under which the parties agreed to litigate all disputes involving the contract in Maricopa County, Arizona.

4. The amount in controversy exceeds the Court's minimum jurisdictional amount.

5. Pursuant to Arizona Rule of Civil Procedure 8(b)(2), this case qualifies as a Tier 3 case because the damages exceed $300,000.

## GENERAL ALLEGATIONS

6. Effective January 27, 2017, PeopleReady and Republic entered into a National Temporary Labor Services Agreement (the "Agreement") under which PeopleReady agreed to provide labor at certain Republic facilities. The Agreement was in effect at all times relevant to the allegations asserted in this Complaint.

7. Paragraphs 1.4 and 14.1 of the Agreement included a defense and indemnification provision whereby PeopleReady (as the "Agency") agreed to fully defend and indemnify Republic, Republic's Affiliates, and each of their current and former directors, officers, employees, shareholders, agents, and representatives (as the "Client Indemnified Parties"):

> 1.4 "Client Indemnified Parties" means Client, Affiliates, and each of their current and former directors, officers, employees, shareholders, agents, and representatives.
>
> . . . .
>
> 14.1 <u>Indemnification by Agency</u>. Agency agrees to defend, hold harmless and unconditionally indemnify the Client Indemnified Parties from and against all Losses that the Client Indemnified Parties may at any time suffer or sustain or become liable for in any manner caused by, resulting or arising from or related to: (a) Agency's breach of this Agreement, (b) negligent or intentional actions or failures to act by Agency or its Personnel or agents, (c) the work performed by Agency, its Personnel or agents in relation to this Agreement, or (d) Losses asserted against any Client Indemnified Party by or on behalf of any Agency Personnel or any of their family members, heirs or assigns ("Agency Personnel Losses"), where such Agency Personnel Losses are caused in whole or in part by any actions of any third party or of any Agency Personnel; provided, however, that Agency shall have no obligation to defend, hold harmless, and indemnify for any Losses that are caused by: solely by the negligent actions or failures to act; the gross negligence or intentional misconduct as determined by a court of competent jurisdiction or as reasonably agreed to between the parties; a breach of this Agreement or applicable law; or strict liability

of or by any Client Indemnified Party unless such Losses relate to a claim against a Client Indemnified Party that if made against Agency would have been covered by workers' compensation insurance, even if the claimant alleges that the Losses are caused by the negligent actions or failures to act or strict liability of any Client Indemnified Party. Agency's obligations under this Agreement shall survive the expiration, termination or non-renewal of this Agreement.

8. Paragraph 10.1 of the Agreement also required PeopleReady to maintain general liability insurance coverage:

> Agency agrees that at all times during this Agreement it will maintain in full-force and effect insurance coverage for Employers Liability (including contractual liability), Business Automobile Liability, Workers' Compensation, Commercial and General Liability Insurance as evidenced recent and available CG ISO form (including contractual liability coverage for the indemnity provisions in Section 14 of this Agreement).

9. Paragraph 10.2 of the Agreement required PeopleReady to list Republic and its Affiliates as additional insureds on any insurance policy except workers' compensation insurance:

> With the exception of the Workers' Compensation and Business Auto Liability insurance, all policies required herein shall show Client and its Affiliates as additional insureds and shall be issued by insurers and for policy limits as set forth in this Agreement before Agency provides Personnel hereunder. . . . In the case of a claim/suit against Client and/or its Affiliate(s) by Personnel for which indemnity is required pursuant to Section 14, upon demand from Client, Agency shall immediately assume responsibility for handling the claim/suit (including without limitation any claims handling costs) and shall immediately, upon written demand by Client, reimburse Client for any related out-of-pocket costs.

10. The lack of insurance or lack of insurance coverage did not, however, diminish PeopleReady's defense and indemnification obligations to Republic and Republic's Affiliates according to paragraph 10.1 of the Agreement:

> The fact that insurance is obtained by Agency shall not be

deemed to release or diminish the liability of Agency including, without limitation, liability under the indemnity provisions in Section 14.

11. On May 7, 2018, Darius Mitchell ("Mitchell"), a PeopleReady employee, fell from a truck while it was in motion and was injured.

12. The truck from which Mitchell fell was owned or operated by a Republic Affiliate as defined by paragraph 1.4.

13. On June 12, 2018, Mitchell filed suit against Allied Waste Services of Massachusetts, LLC and Hebert Otero (the "Mitchell Action").

14. Both defendants in the Mitchell Action (i.e., Allied Waste Services of Massachusetts, LLC and Herbert Otero) are or were an Affiliate of Republic or an employee of a Republic Affiliate as defined in paragraph 1.4 of the Agreement.

15. On July 19, 2018, Republic (through its third-party administrator) tendered its defense concerning the Mitchell Action to PeopleReady and requested immediate defense and indemnification pursuant to the Agreement.

16. PeopleReady failed or refused to defend Republic's Affiliates.

17. PeopleReady failed or refused to indemnify Republic's Affiliates.

18. Upon information and belief, PeopleReady also failed to procure the proper insurance coverage required by the Agreement, which creates a separate indemnity obligation to the extent PeopleReady failed to secure coverage for Republic and its Affiliates.

19. Pursuant to paragraph 16.7 of the Agreement, Republic is entitled to recover "all costs and expenses" in bringing this action to enforce the Agreement, "including reasonable attorneys' and expert witness fees and all costs, whether considered taxable or non-taxable."

## COUNT ONE

### (Breach of Duty to Defend and Breach of Express Contractual Indemnity)

20. Republic incorporates by reference the preceding paragraphs as though fully set forth herein.

21. The Agreement constitutes a binding agreement between Republic and PeopleReady.

22. PeopleReady breached the Agreement by refusing to defend Republic's Affiliates in connection with the Mitchell Action.

23. PeopleReady breached the Agreement by refusing to indemnify Republic's Affiliates in connection with the Mitchell Action.

24. Upon information and belief, PeopleReady also failed to procure the proper insurance coverage required by the Agreement, which creates a separate indemnity obligation to the extent PeopleReady failed to secure coverage for Republic and its Affiliates.

25. Republic has incurred, and will continue to incur, losses, costs, and expenses as a result of the lawsuit brought by Mitchell and PeopleReady's failure to defend and indemnify Republic's Affiliates.

26. Republic is entitled to damages in an amount to be proven at trial.

## COUNT TWO

### (Declaratory Relief)

27. Republic incorporates by reference the preceding paragraphs as though fully set forth herein.

28. An actual and ongoing controversy now exists between Republic and PeopleReady. Republic contends that PeopleReady must provide Republic's Affiliates with a defense and full indemnity against the claims alleged in the Mitchell Action. PeopleReady denies that it has any such obligation.

29. Republic seeks a judicial determination that PeopleReady has a contractual duty to provide a defense and to provide full indemnity to Republic's Affiliates with respect to the claims alleged in the Mitchell Action as required by the Agreement.

WHEREFORE, Republic prays for:

A. Judgment against PeopleReady for direct and consequential damages arising from PeopleReady's breaches of the Agreement, to be proven at trial;

B. A declaratory judgment that PeopleReady owes Republic's Affiliates an immediate duty to defend and indemnify against the claims alleged in the Mitchell Action;

C. Post-judgment interest on all damages awarded;

D. Republic's costs and attorneys' fees incurred pursuant to A.R.S. § 12-341, § 12-341.01 and paragraph 16.7 of the Agreement; and

E. Such relief as the Court deems just and proper.

DATED this 21st day of December, 2018.

FENNEMORE CRAIG, P.C.

By _____
Douglas C. Northup
Emily Ward
Attorneys for Plaintiff
Republic Procurement Services, Inc.

14479335