PAYNE & FEARS LLP
Attorneys at Law
Matthew L. Durham
Arizona Bar No. 032754
mld@paynefears.com
Sarah J. Odia, *Pro Hac Vice Forthcoming*
sjo@paynefears.com
2375 East Camelback Road, 6th Floor
Phoenix, Arizona 85016
Telephone: (602) 344-9549
Facsimile: (602) 344-9653

Attorneys for Defendant and Counterclaimant
PeopleReady, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Republic Services Procurement, Inc.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PeopleReady, Inc.,<br><br>　　　　　Defendant.<br>PeopleReady, Inc.,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>Republic Services Procurement, Inc.,<br><br>　　　　　Counterdefendant. | Case No. 2:19-cv-00299-DWL<br><br>**DEFENDANT PEOPLEREADY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**<br><br>**JURY DEMAND** |

　　　　Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant PeopleReady, Inc. ("PeopleReady") answers Plaintiff's Complaint ("Complaint"). If an averment is not specifically admitted, it is hereby denied.

///

///

**ANSWER TO COMPLAINT**

1. Responding to Paragraph 1 of the Complaint, PeopleReady lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

2. Responding to Paragraph 2 of the Complaint, PeopleReady admits the allegations contained therein.

3. Responding to Paragraph 3 of the Complaint, PeopleReady lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

4. Responding to Paragraph 4 of the Complaint, PeopleReady lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

5. Responding to Paragraph 5 of the Complaint, PeopleReady lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

6. Responding to Paragraph 6 of the Complaint, PeopleReady admits that effective January 27, 2017, PeopleReady and Republic entered into a National Temporary Labor Services Agreement (the "Agreement") under which PeopleReady agreed to provide labor at certain Republic facilities. Except as expressly admitted herein, PeopleReady denies each and every remaining allegation contained therein.

7. Responding to Paragraph 7 of the Complaint, PeopleReady admits that the Agreement included a defense and indemnification provision. Except as expressly admitted herein, PeopleReady denies each and every remaining allegation contained therein. Paragraph 7 further contains legal conclusions and arguments to which no response is required.

8. Responding to Paragraph 8 of the Complaint, PeopleReady admits the allegations contained therein.

9. Responding to Paragraph 9 of the Complaint, PeopleReady admits that paragraph 10.2 of the Agreement required PeopleReady to include Republic as an additional insured on some

of its insurance policies. Except as expressly admitted herein, PeopleReady denies each and every remaining allegations contained therein.

10. Responding to Paragraph 10 of the Complaint, PeopleReady denies the allegations contained therein. Paragraph 10 further contains legal conclusions and arguments to which no response is required.

11. Responding to Paragraph 11 of the Complaint, PeopleReady admits the allegations contained therein.

12. Responding to Paragraph 12 of the Complaint, PeopleReady lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

13. Responding to Paragraph 13 of the Complaint, PeopleReady lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

14. Responding to Paragraph 14 of the Complaint, PeopleReady lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

15. Responding to Paragraph 15 of the Complaint, PeopleReady admits that Republic tendered its defense concerning the incident relating to Mitchell to PeopleReady. Except as expressly admitted herein, PeopleReady denies each and every remaining allegation contained therein.

16. Responding to Paragraph 16 of the Complaint, PeopleReady denies each and every allegation contained therein.

17. Responding to Paragraph 17 of the Complaint, PeopleReady denies each and every allegation contained therein.

18. Responding to Paragraph 18 of the Complaint, PeopleReady denies each and every allegation contained therein.

19. Responding to Paragraph 19 of the Complaint, PeopleReady denies each and every allegation contained therein.

## COUNT ONE

**(Breach of the Duty to Defend and Breach of Express Contractual Indemnity)**

20. Responding to Paragraph 20 of the Complaint, PeopleReady repeats and realleges each of the foregoing paragraphs of this Answer as though fully set forth herein.

21. Responding to Paragraph 21 of the Complaint, PeopleReady denies each and every allegation contained therein. Paragraph 21 further contains legal conclusions and arguments to which no response is required.

22. Responding to Paragraph 22 of the Complaint, PeopleReady denies each and every allegation contained therein.

23. Responding to Paragraph 23 of the Complaint, PeopleReady denies each and every allegation contained therein.

24. Responding to Paragraph 24 of the Complaint, PeopleReady denies each and every allegation contained therein.

25. Responding to Paragraph 25 of the Complaint, PeopleReady denies each and every allegation contained therein.

26. Responding to Paragraph 26 of the Complaint, PeopleReady denies each and every allegation contained therein.

## COUNT TWO

**(Declaratory Relief)**

27. Responding to Paragraph 27 of the Complaint, PeopleReady repeats and realleges each of the foregoing paragraphs of this Answer as though fully set forth herein.

28. Responding to Paragraph 28 of the Complaint, PeopleReady denies each and every allegation contained therein. Paragraph 28 further contains arguments and legal conclusions to which no response is required.

29. Responding to Paragraph 29 of the Complaint, PeopleReady denies each and every allegation contained therein. Paragraph 29 further contains arguments and legal conclusions to which no response is required.

**AFFIRMATIVE DEFENSES**

PeopleReady pleads the following separate defenses. PeopleReady reserves the right to assert additional affirmative defenses that discovery indicates are proper.

**FIRST AFFIRMATIVE DEFENSE**

1. As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, PeopleReady alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

2. As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff breached the covenant of good faith and fair dealing causing PeopleReady to incur damages and thereby also excusing PeopleReady's performance under the Agreement.

**THIRD AFFIRMATIVE DEFENSE**

3. As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff materially breached the Agreement thereby excusing PeopleReady's performance under the Agreement.

**FOURTH AFFIRMATIVE DEFENSE**

4. As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that at all times, PeopleReady has acted in good faith and had reasonable grounds for believing its actions were in compliance with all agreements between PeopleReady and Plaintiff and applicable law.

**FIFTH AFFIRMATIVE DEFENSE**

5. As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that the Agreement and certain provisions therein are unenforceable because they violate applicable law and/or public policy.

/ / /

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

6. As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that the Agreement and provisions therein lacked consideration.

**SEVENTH AFFIRMATIVE DEFENSE**

7. As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's claims are barred because Plaintiff has failed to mitigate its damages.

**EIGHTH AFFIRMATIVE DEFENSE**

8. As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that PeopleReady is entitled to offset monies or other consideration owed to PeopleReady by Plaintiff for Plaintiff's own acts and contractual breaches.

**NINTH AFFIRMATIVE DEFENSE**

9. As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's claims and each of them are barred because PeopleReady substantially complied with all agreements between PeopleReady and Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

10. As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's Complaint and each and every cause of action are barred because Plaintiff failed to disclose information to PeopleReady material to the parties' performance under the Agreement.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's Complaint and each every cause of action contained therein are barred because PeopleReady has not breached any enforceable agreements between the parties.

**TWELFTH AFFIRMATIVE DEFENSE**

12. As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's claims and each and every cause of action contained therein are barred because Plaintiff would be unjustly enriched by the relief it seeks.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's Complaint and each and every cause of action contained therein are barred because all or part of the Agreement and transaction between Plaintiff and PeopleReady resulted from Plaintiff's fraud, deceit, and/or misrepresentation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. As a separate and fourteenth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. As a separate and fifteenth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that some or all of the Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment release.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. As a separate and sixteenth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that the Agreement is the result of a mistake and/or lack of meeting of the minds.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. As a separate and seventeenth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that all actions taken by PeopleReady with respect to Plaintiff were supported by legitimate business reasons.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. As a separate and eighteenth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiffs have unclean hands.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. As a separate and nineteenth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff is estopped from seeking the relief it requests based upon contrary positions taken by Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

As a separate and twentieth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's claims are barred because Plaintiff consented to the acts of PeopleReady that Plaintiff now alleges caused it harm.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As a separate and twenty-first affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's claims are barred because Plaintiff ratified the acts of PeopleReady.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As a separate and twenty-second affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's claims are barred because Plaintiff has waived its claims against PeopleReady.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

As a separate and twenty-third affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's claims are barred as a matter of law because the Agreement violates applicable laws and public policy.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

20. As a separate and twenty-fourth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that PeopleReady has fully and/or substantially performed any and all obligations it may have had to Plaintiff.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

21. As a separate and twenty-fifth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady allege that Plaintiff's claim for attorney's fees is barred.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

22. As a separate and twenty-sixth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that that any obligations owed by it under any alleged contract were excused by Plaintiff's breach of the contracts.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

23. As a separate and twenty-seventh affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that the actions taken by PeopleReady were in full compliance with the law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

24. As a separate and twenty-eighth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that the Agreement is vague and ambiguous and should be construed against Plaintiff.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

25. As a separate and twenty-ninth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's claims are barred because PeopleReady does not have an obligation to defend or indemnify Plaintiff under the any valid agreement or applicable law.

**THIRTIETH AFFIRMATIVE DEFENSE**

26. As a separate and thirtieth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's causes of action are barred by Plaintiff's failure to perform all conditions precedent to Plaintiffs' purported right to recover.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

27. As a separate and thirty-first affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff's causes of action

are barred by Plaintiff's failure to perform all conditions subsequent to Plaintiff's purported right to recover.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

28. As a separate and thirty-second affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that there are other agreements between the parties concerning the matters alleged in Plaintiff's complaint, including agreements and elements of agreements that are not reduced to writing.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

29. As a separate and thirty-third affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on its behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because of a failure of the Plaintiff, and/or the persons and/or entities acting on its behalf, to perform all or any conditions, whether precedent, concurrent and/or subsequent, covenants, and/or promises on their part to be performed as between the parties herein.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

30. As a thirty-fourth separate and affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that negligent and/or intentional misrepresentations were made by Plaintiff to PeopleReady such that PeopleReady was induced to enter into the Agreement with Plaintiff and/or induced to continue performance under the contract with Plaintiff, which PeopleReady would not have done absent such misrepresentations.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

31. As a thirty-fifth separate affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that the damages Plaintiff seeks are the result of Plaintiff's own negligence, gross negligence, and/or illegal acts.

///

///

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

32. As a thirty-sixth separate affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that Plaintiff has not been injured or damaged as a proximate result of any act or omission for which PeopleReady is responsible.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

33. As a thirty-seventh separate affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that by virtue of the acts of the Plaintiff and/or the persons and/or the entities acting on Plaintiff's behalf, PeopleReady has been damaged in an amount equal to or greater than the amount of damages, if any, to which Plaintiff might be entitled. As a result, PeopleReady is entitled to an offset against any sums found owing to PeopleReady from Plaintiff.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

34. As a thirty-eighth separate affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that it has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Complaint and, accordingly, reserves the right to amend, modify, revise or supplement its answer and to plead such other defenses and take such other further actions as it may deem proper and necessary in their defense upon completion of said investigation and/or study.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

35. As a thirty-ninth separate and affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that in each act or statement done or made by PeopleReady, its officers, employees and/or agents, with reference to Plaintiff were and continue to be made in good faith and are proper assertions of PeopleReady's legal rights and obligations and, therefore, were and are privileged.

///

///

///

**FORTIETH AFFIRMATIVE DEFENSE**

36. As a separate and fortieth affirmative defense to the Complaint and each purported cause of action contained therein, PeopleReady alleges that the purported causes of action asserted in the Complaint are barred by such statutes of limitation as may be applicable.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

37. All possible affirmative defenses may not have been alleged if sufficient facts were not available after reasonable inquiry upon the filing of PeopleReady's Answer and therefore reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

**COUNTERCLAIM**

Defendant/Counterclaimant PeopleReady counterclaims against Plaintiff/Counter-Defendant Republic Services Procurement, Inc. ("Republic") as follows:

**GENERAL ALLEGATIONS**

1. At all times mentioned herein, PeopleReady was and is a Washington corporation with its principal place of business in Washington.

2. Upon information and belief, Republic is a Delaware corporation with its principal place of business in Arizona.

3. On or around January 27, 2017, PeopleReady and Republic entered into a Temporary Labor Services Agreement ("Agreement") under which PeopleReady agreed to provide laborers to certain of Republic's facilities.

4. Pursuant to the Agreement, in or around May 2018, Darius Mitchell ("Mitchell"), an employee of PeopleReady, was working as garbage collector for Republic in Bedford, Middlesex County, Massachusetts.

**The Mitchell Injury**

5. Upon information and belief, on or about May 7, 2018, Republic placed Mitchell on a garbage truck operated by a Republic employee, Herbert Otero, Jr. ("Otero").

6. Upon information and belief, Mitchell was instructed by Republic, its agents, and/or its employees to ride on either the side or the back of the garage truck operated by Otero in

-12-

1  order to perform his duties as a trash collector.

2      7.    Upon information and belief, on or about May 7, 2018, Otero was operating the
3  garbage truck at a high rate of speed through an intersection and caused Mitchell to be thrown
4  from the garbage truck and suffer severe injuries, including head injuries (the "Mitchell Injury").

5  **<u>Republic's Violations of Safety Standards and Laws Caused the Mitchell Injuries</u>**

6      8.    Upon information and belief, the United States Department of Labor, Occupational
7  Safety & Heath Administration ("OSHA") conducted an investigation of the Mitchell Injury.

8      9.    Upon information and belief, at the time of the Mitchell Injury, Otero was
9  operating the garage truck in a manner that was grossly negligent and violated applicable safety
10 laws and standards, including OSHA regulations.

11     10.    Otero's negligence and violations of applicable safety standards and laws directly
12 and proximately caused the Mitchell Injury.

13     11.    Otero was Republic's employee at the time of the Mitchell Injury and was
14 operating the garbage truck within the course and scope of his employment with Republic and at
15 the direction of Republic. Republic is therefore liable for Otero's actions pursuant to respondeat
16 superior.

17     12.    Upon information and belief, on or around June 12, 2018, Mitchell filed a
18 negligence lawsuit against Republic and/or its affiliates, and its employee Otero in the
19 Commonwealth of Massachusetts, Case No. 1881CV01696 for damages related to the Mitchell
20 Injury (the "Mitchell Action").

21 **<u>PeopleReady Reasonably Expected Republic and Its Employees to Follow the Law</u>**

22     13.    PeopleReady entered into the Agreement with Republic in good faith with a
23 reasonable expectation that Republic, its affiliates and its employees would follow all applicable
24 laws and safety standards and would not do anything to risk the safety and well-being of
25 PeopleReady's employees.

26     14.    PeopleReady has no control over Republic's trucks or machinery, the employees
27 Republic hires to operate such trucks and machinery, the safety instruction and training that
28 Republic provides to its own employee, or the manner in which Republic, its affiliates and/or its

employees instruct PeopleReady's employees to perform their work for Republic. Republic has retained complete discretion and control over all these aspects affecting the conditions and safety of PeopleReady's employees. In this regard, there is a fiduciary relationship between PeopleReady and Republic as PeopleReady entrusts its employees to Republic, and Republic is in a superior position to ensure that Republic's employees who operate the machinery and trucks on which PeopleReady's employees work are adequately trained and will follow all applicable laws and safety standards.

15. By entering into the Agreement, PeopleReady had a reasonable expectation that Republic, its employees, and its affiliates would not engage in any act or omission that would compromise the safety or well-being of PeopleReady's employees.

16. It was implicit in the Agreement that Republic, its employees, and its agents would follow all applicable safety laws and standards and would not perform the Agreement in a way that would risk the health, safety, and well-being of PeopleReady's employees.

**Mitchell's Worker's Compensation Claim**

17. As a direct and foreseeable result of the conduct of Republic, its affiliates, and its employee, Otero, Mitchell filed a worker's compensation claim against PeopleReady seeking benefits for the Mitchell Injury.

18. PeopleReady is a self-insured employer for worker's compensation under applicable laws.

19. As a result of the Mitchell Injury, PeopleReady has paid worker's compensation benefits and has incurred administrative and legal fees and costs related to the worker's compensation claim totaling approximately $187,200 to date. PeopleReady will continue to incur worker's compensation damages in the future.

20. Under applicable law, PeopleReady is subrogated to the rights of its employee, Mitchell, against Republic in the amount of worker's compensation damages that PeopleReady has incurred.

///

///

## FIRST CAUSE OF ACTION

**(Negligence and Gross Negligence - Subrogation)**

21. PeopleReady repeats and realleges all preceding paragraphs as though they were fully set forth at length herein.

22. Republic, its affiliates, and its employees owed PeopleReady's employee, Mitchell, a duty of reasonable care.

23. Republic, its affiliates, and its employees were grossly negligent in breaching the duty of care owed to Mitchell.

24. Republic, its affiliates, and/or employees' breaches of the duty of care owed to Mitchell, include, but are not limited to: (i) instructing Mitchell to ride on the side and/or back of the garbage truck at the time of the Mitchell Injury, knowing that this was dangerous and in violation of applicable safety laws and standards under the circumstances; (ii) operating the garbage truck at the time of the Mitchell Injury in a grossly negligent manner and in a manner that was in violation of applicable safety standards and laws, knowing that severe physical injury to Mitchell was likely to occur; (iii) failing to properly train, supervise, and oversee employees and agents who were under Republic's control, including Otero.

25. The acts and omissions of Republic, its affiliates, and its employees were careless, in violation of applicable safety laws and standards, grossly negligent, and recklessly disregarded the safety of Mitchell.

26. Republic knew or should have known that the acts and omissions of its affiliates and employees would almost certainly cause severe physical harm to garbage collectors, including Mitchell, but Republic disregarded the safety of Mitchell.

27. Republic's breaches were the direct and proximate cause of the Mitchell Injury.

28. As a result of the Mitchell Injury, PeopleReady has incurred worker's compensation damages.

29. By operation of law, PeopleReady is subrogated to Mitchell's rights and claims against Republic in the amount of the worker's compensation damages PeopleReady has incurred and will continue to incur in the future as a result of the Mitchell Injury.

-15-

30. PeopleReady is therefore entitled to recover from Republic the amounts it has incurred and will continue to incur in worker's compensation damages resulting from the Mitchell Injury.

## SECOND CAUSE OF ACTION

**(Breach of the Covenant of Good Faith and Fair Dealing)**

31. PeopleReady repeats and realleges all preceding paragraphs as though they were fully set forth at length herein.

32. The law implies a covenant of good faith and fair dealing in every contract.

33. Such implied terms are as much a part of a contract as are the express terms.

34. In executing the Agreement with Republic, PeopleReady reasonably expected that Republic, its affiliates, and its employees would not do anything to prevent PeopleReady from receiving the benefits and entitlements of the Agreement, including the reasonable expectation that Republic, its affiliates, and its employees would follow all applicable safety laws and standards and would not act in a way that would threaten the safety or well-being of PeopleReady's employees.

35. Republic breached the implied covenant of good faith and fair dealing by performing the Agreement in a way that that caused unreasonable risk of physical harm and injury to Mitchell.

36. Republic's breaches of the covenant of good faith and fair dealing include, but are not limited to, (i) instructing and/or permitting People Ready's employees to ride on the side and/or back of a garbage truck under circumstances that Republic knew were extremely dangerous and in violation of applicable safety laws and standards; (ii) permitting its employees to operate garbage trucks in a grossly negligent manner and in a manner that violates applicable safety standards and laws, knowing that severe physical injury to PeopleReady's employees was likely to occur; (iii) failing to properly train, supervise, and oversee Republic's own employees who were under Republic's control, knowing that such failure risked severe injury to PeopleReady's employees. Republic may have breached the implied covenant of good faith and fair dealing in other ways that are not yet known to PeopleReady.

37. Republic did not disclose to PeopleReady that its employees were operating garbage trucks in a manner that violated applicable safety laws and standards. Republic did not disclose to PeopleReady that it was causing PeopleReady's employees to ride on the back and/or side of garbage trucks under unsafe circumstances. Republic maintains complete control over these conditions and instructions and PeopleReady trusted that Republic would perform the Agreement in a way that would not cause unusual risk of harm to PeopleReady's employees.

38. Republic's breaches of the good the covenant of good faith and fair dealing were material breaches to the Agreement.

39. Republic's breaches of the covenant of good faith and fair dealing to the Agreement were the direct and proximate cause of the Mitchell Injury.

40. PeopleReady has been damaged by Republic's breaches of the covenant of good faith and fair dealing. PeopleReady's damages include, but are not limited to, the worker's compensation benefits PeopleReady has paid to Mitchell as a result of the Mitchell Injury. PeopleReady is also damaged to the extent that Republic is demanding that PeopleReady defend and indemnify Republic against the Mitchell Action even though the Mitchell Action and the Mitchell Injury were caused by the breaches of Republic, its affiliates, and its employees described herein.

41. PeopleReady is entitled to its attorney's fees and costs under the Agreement.

WHEREFORE, PeopleReady prays for judgment as follows:

1. That Plaintiff take nothing by its Complaint;

2. That judgment be entered in favor of PeopleReady;

3. That Plaintiff's Complaint be dismissed with prejudice in its entirety;

4. For general and special damages in an amount greater than $75,000;

5. That PeopleReady be awarded its attorney's fees and costs; and

6. For such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | DATED: January 25, 2019 | PAYNE & FEARS LLP |

By: _/s/ Matthew L. Durham_
Matthew L. Durham
Arizona Bar No. 032754
Sarah J. Odia, *Pro Hac Vice Forthcoming*
2375 East Camelback Road, 6th Floor
Phoenix, Arizona 85016
Telephone: (602) 344-9549

Attorneys for Defendant and Counterclaimant,
PEOPLEREADY, INC.

## **JURY DEMAND**

Defendant/Counterclaimant PeopleReady, Inc. hereby demands a jury trial

DATED: January 25, 2019               PAYNE & FEARS LLP

By: _/s/ Matthew L. Durham_
Matthew L. Durham
Arizona Bar No. 032754
Sarah J. Odia, *Pro Hac Vice Forthcoming*
2375 East Camelback Road, 6th Floor
Phoenix, Arizona 85016
Telephone: (602) 344-9549

Attorneys for Defendant and Counterclaimant
PEOPLEREADY, INC.

4845-7013-1334.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549